[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant J. William Burns, the Commissioner of the Department of Transportation, has moved (#125) for summary judgment, Practice Book 378, in this personal injury action arising out of an incident on August 26, 1985 when the plaintiff fell while operating a motorcycle on Jefferson Street near Meadow Street in Stamford over railroad spur tracks that crossed Jefferson Street.
Plaintiff sued the City of Stamford, including its commissioner of public works, the Urban Redevelopment Corporation, Consolidated Rail Corporation and the movant, Commissioner Burns. Count Fourteen of the amended complaint purports to be brought pursuant to General Statutes 13a-144, the defective highway statute, and claims negligence on the part of the commissioner in a number of ways including failing to properly maintain the roadway and the railroad tracks as they cross Jefferson Street. Count Fifteen is brought by Patricia Urban under General Statutes 13a-144 for loss of consortium.
In support of the motion for summary judgment defendant Burns submits an affidavit by Theodore G. Satagaj, maintenance manager for a district of the Bureau of Highways, who states CT Page 1067 that "Jefferson Street and Meadow Street in Stamford are not and were not on August 26, 1985, state highways, nor were they a part of the maintenance responsibility of this department or its commissioner, J. William Burns." The plaintiffs subsequently conceded that neither street is a state highway, but rather both are maintained by the City of Stamford.
In opposing summary judgment the plaintiffs refer to the deposition testimony of another employee of the Department of Transportation, Raymond Godcher, who is with the transportation planning office. The plaintiffs claim that he stated in his deposition that the Department of Transportation is obliged to inspect spur tracks when they are first installed, and that this duty supports a 13a-144 action.
The movant filed supplementary papers including further excerpts from Mr. Godcher's deposition, as well as is affidavit. The affiant states that although he has no knowledge of what happened when this particular railway spur was installed on Jefferson Street, the most that the Department of Transportation could have been obliged to do was to inspect the installation to see whether its orders had been carried out. In other words, if there had been a hearing, and if the Department had laid down some conditions, and a warning signal was used as an example, the Department would have checked to see whether such a warning signal had actually been installed and was functioning.
Mr. Godcher's affidavit, on the other hand, makes it abundantly clear that the Department does not own the railroad tracks and has nothing to do with maintaining or inspecting them either now or at the time of the accident.
The court may render summary judgment provided that the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Practice Book, 384. "The movant has the burden of showing the nonexistence of such issues . . . [while] the nonmovant must recite specific facts . . . which contradict those stated in the movant's affidavits and documents." Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573,579, 573 A.2d 699 (1990).
I do not believe plaintiffs' counter-affidavit and moving papers are sufficient to rebut the movant's clear showing that Jefferson Street is not a state highway and that the Department and its commissioner have nothing to do with maintaining the railroad spur tracks in question. The CT Page 1068 possibility that at some time long past the Department checked the crossing to see whether its orders, if any, had been carried out does not suffice, in my opinion, to justify a defective highway case under General Statutes 13a-144.
Accordingly, the motion for summary judgment by defendant Burns is granted.
SO ORDERED.
Dated at Stamford, Connecticut this thirteenth day of August, 1990.
WILLIAM B. LEWIS, JUDGE.